NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4172
_____

CARLOS CAJEIRA;
CRISTINA CAJEIRA,
                    Appellants

v.

SKRUNDA NAVIGATION, c/o LSC; SIA
LSC SHIP MANAGEMENT; LATVIAN SHIPPING COMPANY;
MT. PILTENE, its, engines, boilers, tackle and appurtenances, etc., in rem
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-09-cv-04905)
District Judge:  Hon. Susan D. Wigenton
_____

Argued on September 25, 2012

BEFORE:  McKEE, *Chief Judge*, and JORDAN and VANASKIE, *Circuit Judges*

(Opinion Filed: April 23, 2013)

DARIO A. CHINIGO, ESQ.
PAUL T. HOFMANN, ESQ.  (Argued)
HOFFMAN & ASSOCIATES
Suite 1506
360 West 31st Street
New York, NY 10001
*Attorney(s) for Appellants*

JOHN J. WALSH, ESQ. (Argued)
DANIEL J. FITZGERALD, ESQ
FREEHILL, HOGAN & MAHAR

80 Pine Street
New York, NY 10005
*Attorney(s) for Appellees*

OPINION

McKEE, *Chief Judge*.

Appellants Carlos and Cristina Cajeira appeal the District Court's grant of summary judgment. The District Court awarded judgment as a matter of law to the defendant based upon the court's conclusion that Appellants could not establish an active control duty. For the reasons that follow, we will affirm.

## I. FACTS AND PROCEDURAL HISTORY

As we write only for the parties who are familiar with the facts and procedural history of this case, we need only briefly summarize the background of this dispute.

The M/V PILTENE ("PILTENE"), owned and operated by Skrunda Navigation, c/o LSC, SIA LSC Ship Management and the Latvian Shipping Company ("Skrunda"), was docked in Carteret, New Jersey, on April 12, 2009 to deliver petroleum to Kinder Morgan, Inc. ("KMI"). Carlos Cajeira, along with two other KMI employees (collectively, the "Hose Crew"), was asked to help "stow" the petroleum hoses.

The Hose Crew worked jointly with crew members of the PILTENE, including Seamen Armands Graudins and Bosun Joseph Parfens, in discharging a cargo of petroleum at KMI's dock. Once the petroleum was offloaded, the hoses were disconnected and lowered by crane onto the dock where the Hose Crew manually positioned the hoses on the pier while the crew of the PILTENE assisted using the ship's crane. The Hose Crew would signal Graudins, who signaled Parfens to let him know

2

when the hoses were ready to be lowered. While the last hose was being lowered, the crane line suddenly jerked upwards, lifting the attached hose and knocking Cajeira into the water. There were no reports of any miscommunications or problems in signaling between the KMI employees and the crew of the PILTENE, nor were there any allegations that the crane was in disrepair or malfunctioning.

Cajeira filed an action under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 905(b), seeking damages from Skrunda for injuries sustained from this incident. Finding no genuine issue of material fact as to whether Skrunda owed a duty of care under section 905(b) of the LHWCA, the District Court granted Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56. This appeal followed.[1]

## II.

In *Scindia Steam Navigation v. De Los Santos*, 451 U.S. 156, 167-178 (1981), the Supreme Court described three general categories of duties that vessel owners owe to stevedores: the turnover duty; the duty to intervene, and the active control duty. As Cajeira's argument centers on whether or not the PILTENE crew retained active control of the crane, we limit our discussion to the active control duty.

---

[1] We exercise plenary review over a grant of summary judgment. *Fed. Home Loan Mortg. Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 443 (3d Cir. 2003). In reviewing the District Court's decision, we utilize the same summary judgment standard that guides the district courts. *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). To prevail on a motion for summary judgment, the moving party must show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). As a summary disposition, we "view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Farrell*, 206 F.3d at 278.

Cajeira contends that because Parfens retained operational control of the crane at the time of the incident, it is a question of fact as to whether the vessel crew was negligent in causing the crane line to jerk. Because Parfens retained operational control of the crane, Cajeira argues there is a question of fact as to whether the instrumentality was under the active control of the vessel. Cajeira further argues that by putting its least experienced crewmember in charge of operations, the vessel actively created a dangerous condition for which Skrunda should be held liable.

Although Parfens retained physical control of the crane, the PILTENE crew operated the crane under the direction of the Hose Crew. Apart from Parfens' physical control of the crane, there is no allegation that the PILTENE crew executed any orders contrary to those given by the Hose Crew. In the absence of such evidence, the District Court concluded the allegation that the vessel retained active control of the crane is conclusory. *Cajeira v. Skrunda Navigation*, 2011 WL 5080301, \*3 (D.N.J. 2011). For the same reason, the allegation that Parfens acted negligently is conclusory. *Id*. We agree.

*Scindia* and its progeny make clear that a vessel's liability under the LHWCA requires the existence of a duty. Without some evidence showing that the PILTENE crew failed or was otherwise negligent in carrying out the orders given by the Hose Crew, Cajeira fails to meet his burden of establishing a genuine issue of material fact as to the existence of an active control duty.

For substantially the same reasons as the District Court, we agree that Cajeira failed to show a genuine issue of material fact as to whether the PILTENE crew retained

4

substantial control over the crane.  Since no duty is established, there is no need to determine if any such duty was breached.

## III.

Accordingly, we will affirm the order of the District Court.